# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EDWARD DEVOUN JOHNSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> AL ST. LAWRENCE, JAMES E. ) <br> DONALD, and the ATTORNEY ) <br> GENERAL OF THE STATE OF ) <br> GEORGIA, ) <br> ) <br> Defendants. ) | Case No. CV408-063 |

## REPORT AND RECOMMENDATION

On March 21, 2008, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed *in forma pauperis*. (Docs. 2 & 3.) This Court entered an order granting Johnson's motion to proceed *in forma pauperis* and adding James E. Donald, the Commissioner of the Georgia Department of Corrections, as a defendant on April 10, 2008. (Doc. 5.) The defendants have moved to dismiss Johnson's petition for lack of exhaustion. (Docs. 6 & 17.) For the following reasons, their motions should be **GRANTED**.

Johnson raises the following three grounds for relief in his § 2254 petition: (1) the trial court erred in admitting evidence obtained pursuant to an unconstitutional search and seizure; (2) he was subjected to a "vindictive and malicious" prosecution by the trial court and prosecutor; and (3) the attorney who represented him at trial and on appeal was ineffective. (Doc. 2 at 6.) He did not raise any of these grounds for relief during his direct appeal; instead, he raised only the sufficiency of the evidence to convict him. Johnson v. State, 656 S.E.2d 861 (Ga. Ct. App. 2008). While his direct appeal was pending, Johnson filed a state habeas corpus petition, which was dismissed as premature. (Doc. 10 at 1.) After he filed the instant federal habeas petition, he filed another state habeas petition on May 23, 2008, alleging the same grounds raised in his federal petition. (Doc. 19, State Application for Writ of Habeas Corpus.)

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal

habeas relief is available to state prisoners only after they have exhausted their claims in state court."). A state prisoner is required to allow the state court an opportunity to correct a constitutional error "by invoking one complete round of the State's established appellate review process" before a federal court may consider the case. Id. at 845. Because Johnson has never afforded the state courts a full and fair opportunity to address and resolve the claims he presents in his federal petition, his claims are clearly unexhausted. The state does not argue that Johnson's claims are procedurally defaulted and, therefore, no longer "available" for consideration by the state courts.[1] Indeed,

---

[1] Although ordinarily a federal court must require a habeas petitioner to present his unexhausted claims to a state court, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the federal court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); id. at 737 (federal court may apply state procedural bar rules for the state where there is no "reasonable possibility that an exception to the procedural bar may still be available to the petitioner"); Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) ("federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile"); Sims v. Singletary, 155 F.3d 1297, 1313 (11th Cir. 1998) ("A federal court must dismiss those claims that . . . are not exhausted but would clearly be barred if returned to state court."); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("the Georgia [successive petition] statute should be applied and enforced in a federal habeas proceeding even though there is no state court decision applying it to the claim in question . . . unless there is some indication that a state court judge would find" the claim could not have been raised in the initial state petition).

Johnson now has pending in the Superior Court of Chatham County an application for state habeas relief asserting the same grounds raised in the present federal petition. (Doc. 19 Ex.) As the state courts have yet to complete their review of Johnson's claims, his § 2254 petition must be **DISMISSED** for lack of exhaustion.

**SO REPORTED AND RECOMMENDED** this <u>14th</u> day of July, 2008.

_/s/ M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Because Johnson did not raise his first two grounds for relief on direct appeal, a state habeas court would decline to review those grounds absent a showing that he had cause for not complying with Georgia's procedural rule (requiring that all available claims be raised on appeal) and suffered actual prejudice, or that failure to grant relief would result in a miscarriage of justice. O.C.G.A. § 9-14-48(d). Johnson, however, alleges that he did not previously raise these claims due to ineffective assistance of counsel, thus suggesting good cause excusing his procedural default. (Doc. 2 at 7); see Murray v. Carrier, 477 U.S. 478, 488 (1986) (noting that "[i]neffective assistance of counsel . . . is cause for a procedural default"). Since there is a "reasonable possibility," Snowden, 135 F.3d at 737, or "some indication," Chambers, 150 F.3d at 1327, that an exception to the state's procedural bar rule may be applicable, this Court will afford Johnson an opportunity to raise that question before the state court.

In addition, it is clear that Johnson's third claim has not been exhausted. Whether raised as "cause" to excuse a procedural default or as independent Sixth Amendment claims, claims of ineffective assistance must be exhausted in the state courts. Murray, 477 U.S. at 489; Walker v. Davis, 840 F.2d 834, 839 (11th Cir. 1988) (noting that "[i]f Walker chooses to rely on an ineffective assistance of counsel claim as the reason for no objection being made at trial, he must exhaust his remedies with regard to that claim"). Accordingly, this Court will afford Johnson an opportunity to raise his ineffective assistance claim (which he could not have raised on direct appeal, as he was represented by the same attorney at trial and on appeal) before a state habeas court.